*Court of Sessions, July, 1823.*

The People *vs.* John Colbern and Elizabeth Weir.—*Forgery.*

*Maxwell District Attorney, and David Graham, for the Prosecution. Price, Phœnix and Scott, for the Prisoner.*

The defendants were charged in an indictment in the common form with forging the name of Edward Weir, to a check, for $800, upon the North River Bank, on the 27th day of June, 1823. Colbern only was put upon his trial, Mrs. Weir not having been arrested.

Mr. Maxwell, District Attorney, opened the case on the part of the prosecution, and stated that no direct proof of the forgery was in his possession, but that

Where the wife of a witness is charged in the same indictment with A. of the crime of forgery; on the trial of A., the wife not having been taken, the husband cannot be examined because of the danger of implicating the wife. He cannot be examined even after the entry of a noble prosequi in her favor upon the record, for she is still liable to be arrested and tried.

NEW-YORK, he expected to prove the facts charged in the indictment by circumstantial testimony ; from which it would appear, that on the 26th of June Edward Weir left this city, and went to Troy ; that during his absence, viz. on the 30th of June, a check, purporting to have been executed by him for the sum of $800, was presented to the North River Bank, and paid ; that on the same day of the presentation, the prisoner was at the house of Mr. Weir, in company with his wife, the latter of whom, upon a frivolous pretence, directed Ellen M'Dade, a servant to leave the house upon an errand, and who, upon her return, found Mrs. Weir and the prisoner seated together at a table, with papers before them, which the latter endeavored to gather up, with a view, apparently, of preventing observation. It would also be shown, that although the prisoner's acquaintance with Mr. Weir had been but recent, yet he had been very much in the habit of endeavoring to imitate the hand-writing of the latter. From these and other circumstances he should endeavor to show that the crime had been perpetrated in the manner, and by the persons charged in the indictment.

Weir, the husband of Elizabeth Weir, was called as a witness. The counsel for the prisoner objected to his being sworn, and contended, that by the rules of law a husband could not be a witness for or against his wife ; and cited Phillips' Ev. p. 63. 2 Str. 1095. 5 Esp. Rep. 154. 1 Mass. Rep. 15. 10 Johns. Rep. 95.

The counsel for the People relied principally on 10 Johns. Rep. 21. 8 Johns Rep. 418. They observed that the wife could have no interest in this prosecution :

she was not now upon her trial; and although she was a NEW-YORK, party in the transaction, yet they did not intend to examine the husband to the guilt of his wife but they would confine themselves to inquiries relating to Colbern.

The court decided on the authority of the People v. Bill, 10 Johns. Rep. 95. that they could not admit the evidence. They decided the law to be, that a husband could not be a witness for or against his wife, and *vice versa ;* except in cases of necessity, provided for by law, for the protection of each other.

*Maxwell* entered a nolle prosequi in favor of the wife, with a view to admit the testimony of the husband against Colbern.

*By the Court.* The prosecutor's wife is a party to the record, and the testimony of her husband on this trial might be such that the court would feel bound to issue a warrant for her apprehension. Even a nolle prosequi by the district attorney would not be a conclusive discharge, she would still be liable in law to arrest and trial. Had she been tried and acquitted by a jury, the husband might then be a witness against the prisoner, for his testimony could not in that case inculpate his wife.

The testimony was excluded, and the prisoner was acquitted.